UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JOHN A. ALEXANDER,

        Plaintiff,

v.

JEFF HOWARD et al.,

        Defendants.
_____/

Case No. 2:24-cv-161

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff, however, is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted

**Discussion**

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process,

---

*in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

In at least three of Plaintiff's lawsuits, his cases have been dismissed on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Alexander v. Whitmer et al.*, No. 2:23-cv-6 (W.D. Mich. Mar. 17, 2023); *Alexander v. Washington et al.*, No. 1:15-cv-1264 (W.D. Mich. Dec. 23, 2015); *Alexander v. Cramer et al.*, No. 2:12-cv-15451 (E.D. Mich. Dec. 21, 2012). In addition, the Court has, on two occasions, denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Alexander v. Bush et al.*, No. 2:24-cv-141 (W.D. Mich. Sept. 10, 2024); *Alexander v. Bush et al.*, No. 2:24-cv-59 (W.D. Mich. May 23, 2024).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, and he sues KCF Warden Jeff Howard and Correctional Officers Unknown Hungerford and Robin Voorhees. In his complaint, Plaintiff alleges that on July 19, 2024, he submitted a grievance concerning harassment by Defendant Hungerford, asserting that Defendant Hungerford was not performing shakedowns per MDOC Policy Directive 04.04.100. (Compl., ECF No. 1, PageID.2.) Plaintiff claims that Defendants Voorhees and Howard rejected the grievance. (*Id.*)

On August 12, 2024, Defendant Hungerford returned to Plaintiff's housing unit for a search and directed all eight inmates to exit the cubicle. (*Id.*) Plaintiff claims that at that time, he was "serving sanctions for disciplinary reasons, so he was confined to [the] area." (*Id.*) Plaintiff went to the unit's dayroom. (*Id.*) After Defendant Hungerford finished the search, he saw Plaintiff waiting in the TV room and became angry. (*Id.*, PageID.3.) Defendant Hungerford told Plaintiff that while he searched the areas of inmates who were on toplock or loss of privileges (LOP) status, he wanted those inmates to wait in the hallway. (*Id.*) Plaintiff responded that such a requirement was not in the rules, and that the search was in retaliation for Plaintiff's grievance. (*Id.*)

Defendant Hungerford notified the unit representative and asked him to "go around the unit and announce to everyone that from now on, when [Defendant] Hungerford conducts searches, if you are on toplock or LOP, they will have to stand in the hall outside of their cubicles when being

4

searched. You can thank Mr. Alexander for that." (*Id.*) Plaintiff told Defendant Hungerford that "his actions and words ha[d] placed [Plaintiff] in imminent danger for as long as [Plaintiff was] in this prison." (*Id.*) Plaintiff alleges that Defendant Hungerford was "unconcerned." (*Id.*) Plaintiff submitted a grievance, but it was rejected. (*Id.*) Based upon the foregoing, Plaintiff alleges First Amendment retaliation claims. He seeks compensatory and punitive damages. (*Id.*, PageID.4.)

Although Plaintiff vaguely suggests that Defendant Hungerford's statement to the unit representative placed Plaintiff in imminent danger, that suggestion is based solely upon speculation. It appears that Plaintiff is trying to suggest that other inmates may be upset with him and then target him, but Plaintiff alleges no facts to support his speculatory and conclusory assertion. And, nowhere in Plaintiff's complaint does he allege that he has suffered serious physical injury or is in imminent danger of serious physical injury because of Defendant Hungerford's words. As such, the Court cannot conclude that Plaintiff was in imminent danger of serious physical injury at the time he filed this complaint.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

**Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 611. Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   October 24, 2024                                    /s/ Robert J. Jonker
                                                             Robert J. Jonker
                                                             United States District Judge

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.